# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID HATCHIGIAN,** | : | |
| *Plaintiff*, | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 22-2866** |
| | : | |
| **SKLAR LAW, LLC,** *et al.*, | : | |
| *Defendants*. | : | |

## MEMORANDUM

**KENNEY, J.**                                                                 **November 10, 2022**

*Pro se* Plaintiff David Hatchigian[1] asserts claims for fraud on the court, professional negligence, negligent retention and supervision, and injunctive relief against Defendants Sklar Law LLC ("Sklar Law"), Roger Fay, Esq. ("Fay"), Kristen A. Morris, Esq. ("Morris"), and ABCO Refrigeration Supply Corporation ("ABCO") (collectively "Defendants"). ECF No. 1. Before the Court is Defendants' fully briefed Motion to Dismiss for failure to state a claim and lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and Defendants' Motion for Injunctive Relief pursuant to 28 U.S.C. § 1651(a). ECF Nos. 7, 12. For the reasons set forth below, the Court will grant Defendants' Motion to Dismiss and deny Defendants' Motion for Injunctive Relief. An appropriate order will follow.

---

[1] The Court notes that although Plaintiff Hatchigian is *pro se*, he is no stranger to litigating and trying cases to jury in the Eastern District of Pennsylvania alone and has brought numerous suits in this court. *See Hatchigian v. Chase Bank, et al.*, 21-cv-3416; *Hatchigian v. Peco/Exelon Energy Co., et al.*, 22-cv-2170; *Hatchigian v. Powertrain Products Inc.*, 21-cv-5601; *Hatchigian v. Matthews Paoli Ford*, 21-cv-4643; *Hatchigian v. Carrier Corp.*, 21-cv-2562; *Hatchigian v. German Gallagher & Murtagh*, 20-cv-6204; *Hatchigian v. Carrier Corp.*, 20-cv-4110; *Hatchigian v. AAA Mid-Atlantic Member Relations*, 19-cv-04740; *Hatchigian v. Kaplan Stewart Meloff Reither & Stein PC*, 17-cv-3156; *Hatchigian v. Kaplan Stewart Meloff Reiter & Stein*, 16-cv-2987; *Hatchigian v. State Farm Ins.* 07-cv-3217.

## I.      Background

This case is related to litigation brought by Plaintiff in state court which was not resolved

in Plaintiff's favor. *Hatchigian v. ABCO & Chase*, Philadelphia Mun. Ct., No. SC-18-01-17-

4058; *Hatchigian v. ABCO, Emerson Climate Technologies, & Chase Bank, USA, N.A.*,

Philadelphia Ct. Com. Pl., No. 180400158; *Hatchigian v. Chase Bank, USA, N.A. & ABCO*, Sup.

Ct. of Pa., No. 1358 EDA 2022. In reaction to Plaintiff's losses in state court, he brought this

action against Defendant ABCO which was represented by Defendants Sklar Law, Fay, and

Morris in the state court action. The state court action was based on Plaintiff's purchase of a

replacement HVAC compressor from ABCO. ECF No. 7-13 at 5.  The parties agree that Plaintiff

purchased a replacement compressor on May 4, 2017 and later returned it due to a circuit breaker

which was tripped and could not be resent. *Id.* ABCO's terms and conditions extended all

warranties, if any, to the end-user, granted by the manufacturer and excluded the purchaser's

ability to recover labor charges or damages from any cause. *Id.* at 6. The manufacturer, Emerson

Climate Technologies ("Emerson"), limited the purchaser's remedy to repair, replacement,

credit, or refund and excluded the purchaser's ability to recover labor charges or damages,

including costs incurred. *Id*

ABCO provided Plaintiff with a second replacement compressor which also tripped a

circuit breaker and, again, could not be reset. *Id.* at 5. ABCO referred Plaintiff to Emerson;

Emerson arranged to provide another replacement compressor. *Id.* at 5–6. Plaintiff installed the

third replacement compressor and it worked as intended. *Id.* at 6.

The relevant state court litigation followed. First, on January 23, 2018, Plaintiff sued

ABCO and Chase Bank USA, N.A. NKA JPMorgan Chase Bank, N.A. ("Chase") for $1,700 in

out-of-pocket expenses related to exchanging the first and second replacement compressors. *Id.*

This case was dismissed on March 5, 2018. *Id.* Plaintiff appealed the dismissal and filed a second

Complaint against ABCO for $50,000 in damages on July 6, 2018. *Id.* at 7. Sklar Law then

2

entered its appearance on behalf of ABCO. *Id.* Plaintiff filed an Amended Complaint adding Emerson as a co-defendant in November 2018. *Id.* As to ABCO, the Amended Complaint alleged breach of written product warranty (Count I), breach of implied warranty (Count II), violation of Magnuson-Moss warranty Act (Count III), unjust enrichment (Count V), violation of the Uniform Commercial Code (Count VII), and unfair trade practices (Count VIII). ECF No. 1, Ex. 1. The case proceeded to arbitration and the arbitration panel found in favor of ABCO, Chase, and Emerson on May 29, 2019. ECF No. 7 at 7. Plaintiff appealed the arbitrator's decision resulting in the parties proceeding before a state court judge. *Id.*

Accordingly, the state court entered a Case Management Order directing that all discovery be completed by September 2, 2019. ECF No. 12 at 5. This deadline was extended twice, and the ultimate discovery deadline was January 6, 2020. *Id.* at 6. Several depositions took place throughout late 2019, one of which forms the basis of Plaintiffs claims before this Court. First, Plaintiff was deposed on August 30, 2019. ECF No. 7 at 7. Second, an expert engineer for Emerson was deposed on October 31, 2019. *Id.* Following Plaintiff's Motion to Compel, ABCO's corporate designee was deposed on December 12, 2019. *Id.* The following day, Plaintiff moved to compel a second deposition of ABCO on the basis that ABCO's corporate designee refused to answer or was unprepared to answer questions throughout the deposition. ECF No. 1 at 3. Plaintiff alleges that an attorney from Sklar Law directed the corporate designee to be nonresponsive to questions related to the HVAC compressor and any manufacturing defects. *Id.* at 4–5.

This motion to compel was denied on January 2, 2020. ECF No. 7 at 8–9. Indeed, the Honorable Judge Dumas, presiding over the state court case, found that: (i) ABCO's corporate designee was adequately prepared; (ii) the objections made during the deposition were proper; (iii) even if the objections were improper, the deponent ultimately answered the relevant of the questions; (iv) the deponent answered questions relevant to the claims; and (v) Plaintiff

3

improperly asked ABCO questions about the manufacturing of compressors because ABCO was only the retail distributor and, in fact, the questions had already been asked and answered by the appropriate deponent (Emerson). *Id.*

The discovery period ended and ABCO subsequently moved for summary judgment on all claims on January 7, 2020. *Id.* at 9. On January 10, 2020, Plaintiff appealed the prior denial of his motion to compel a second deposition of ABCO to the Superior Court of Pennsylvania, which was subsequently quashed by the Superior Court on April 20, 2020. *Id.* On May 4, 2020 the state trial court granted summary judgment in favor of ABCO and Emerson and denied summary judgment in favor of Plaintiff. *Id.* Plaintiff's case against Chase continued until it was dismissed by stipulation on May 11, 2022. *Id.* Importantly, Plaintiffs allege that summary judgment was only granted because Defendants perpetuated a "fraud on the court." ECF No. 1 at 10.

Throughout the pendency of Plaintiff's suit against Chase, Plaintiff tried several times to reinstate claims and discovery against ABCO. Plaintiff's motions for reconsideration were denied and his appeal of summary judgment was quashed in June and August 2020, respectively. ECF No. 7 at 9–10. In December 2021, Plaintiff served non-party ABCO with a notice of a second deposition and requests for interrogatories, documents, and admissions. *Id.* ABCO objected on December 23, 2021 and Plaintiff then filed a third motion to compel the deposition of ABCO on December 27, 2021. *Id.* Plaintiff's motion was procedurally dismissed, and he then filed a fourth motion to compel on January 11, 2022. *Id.* Following a hearing in state court, Plaintiff's motion was denied on February 10, 2022. *Id.*

On February 22, 2022, Plaintiff filed a motion for sanctions against ABCO and its counsel, including Sklar Law, Fay, and Morris, related to objections made during the ABCO deposition and other discovery disputes. *Id.* at 11. Plaintiff's motion for sanctions was procedurally dismissed and ABCO, in turn, filed a cross-motion for a protective order which was

4

granted on March 3, 2022. *Id.* The protective order precluded ABCO from appearing or participating in any future depositions or written discovery demanded by Plaintiff in the state court proceedings. *Id.* Nevertheless, Plaintiff filed a second motion for sanctions against ABCO and counsel which was, again, related to objections made during ABCO's deposition and other discovery disputes. *Id.* Plaintiff's second motion for sanctions was denied on April 7, 2022. *Id.* Plaintiff also filed a third appeal seeking to reinstate the claims against ABCO on May 18, 2022. *Id.* at 12.

## II.    Procedural History

Plaintiff brought this action on July 19, 2022. ECF No. 1. In his Complaint, Plaintiff alleges that Defendants actions in the state court proceedings constitute fraud on the court (Count I), professional negligence (Count II), and negligent retention and supervision (Count III). *Id.* Plaintiff seeks injunctive relief (Count IV), damages, attorneys' fees, and "exemplary damages." *Id.* Defendants filed the instant Motion to Dismiss and Motion for Injunctive Relief on August 23, 2022. ECF No. 7. Defendants argue that dismissal is appropriate because Plaintiff failed to state a cognizable cause of action and because the Complaint involves purported injuries related to state court orders in active state court cases. *Id.* Defendants also argue that enjoining Plaintiff from filing future complaints against them is appropriate because: (i) Plaintiff has abused the judicial system by blatantly ignoring court orders in an attempt to force Defendants into a settlement; (ii) Defendants provided Plaintiff with a "Notion of Motion" which provides adequate notice of intent to enjoin; and (iii) an injunction permitting future complaints to be filed by Plaintiff against Defendant with permission from this Court is narrowly tailored to protect Plaintiff's access to the courts. *Id.* Plaintiff sought an extension of time to respond, which was

granted in part on August 29, 2022. ECF Nos. 8, 9. Accordingly, Plaintiff filed a Response on September 23, 2022. ECF No. 12.

### III.   Legal Standard

The Rule 12(b)(1) motion was filed prior to an answer and will therefore "be considered a facial challenge to jurisdiction." *Hendrick v. Aramark Corp.*, 263 F. Supp. 3d 514, 517 (E.D. Pa. 2017) (citing *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014)). "When considering such a facial challenge, a court must apply the same standard of review that would apply on a motion to dismiss under Rule 12(b)(6)." *Id.* Accordingly, "well-pleaded factual allegations are taken as true, and reasonable inferences are drawn in the plaintiff's favor." *Id.* Dismissal under a facial challenge is proper for claims that "clearly appear to be immaterial and made solely for the purpose of obtaining jurisdiction" or are "wholly insubstantial and frivolous." *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1408–09 (3d Cir. 1991) (quoting *Bell v. Hood,* 327 U.S. 678, 682 (1946)).

To survive a motion to dismiss for failure to state a claim, the complaint must contain sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when the plaintiff pleads factual contention that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts are required to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). However, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The *pro se* litigant's

complaint is "to be liberally construed" and held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).; *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). However, *pro se* plaintiffs still must meet a minimum standard by "alleg[ing] sufficient facts in their complaint to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

As to Defendant's Motion for Injunctive Relief, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a district court may enjoin "abusive, groundless, and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993); *see also In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982). The "broad scope" of this power is limited by "two fundamental tenets of our legal system — the litigant's rights to due process and access to the courts." *Brow*, 994 F.2d at 1038. The Third Circuit has held that district courts "must comply with the following requirements when issuing such prohibitive injunctive orders against *pro se* litigants." *Id.* First, the Court should not restrict a litigant from filing claims "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.*; *see also Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989). Second, the Court "must give notice to the litigant to show cause why the proposed injunctive relief should not issue." *Brow*, 994 F.2d at 1038; *see also Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987). Third, the scope of the injunctive order "must be narrowly tailored to fit the particular circumstances of the case before the [ ] Court." *Brow*, 944 F.2d at 1038; *see also Chipps v. United States Dist. Ct. for the Middle Dist. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989).

IV.     **Discussion**

Viewed in the light most favorable to him, Plaintiff's factual allegations fail to state any plausible claims to relief and dismissal is warranted pursuant to Fed. R. Civ. P. 12(b)(6). Indeed, Plaintiff's claims are so frivolous that they warrant dismissal pursuant to Fed. R. Civ. P.

12(b)(1). However, although Plaintiff's claims are frivolous, the Court will deny Defendants'

Motion for Injunctive Relief largely because Plaintiff is *pro se*.

### a. **Plaintiff's claims lack subject matter jurisdiction**

Dismissal under Rule 12(b)(1) is proper for claims that are "wholly insubstantial and

frivolous." *Kehr Packages, Inc.,* 926 F.2d at 1408–09 (quoting *Bell*, 327 U.S. at 682). The

threshold to withstand a 12(b)(1) motion to dismiss is lower than that required to withstand

12(b)(6). *Id.* Even so, the Court finds that Plaintiff's claims are "so completely devoid of merit as

to deprive [the court] of jurisdiction." *Cf. Kulick v. Ponoco Downs Racing Ass'n, Inc.*, 816 F.2d

895, 898 (3d Cir. 1987). As discussed, *infra*, even embracing Plaintiff's factual allegations as

true, the claims he asserts are entirely frivolous.

Plaintiff first seeks monetary damages because of Defendants' fraud on the court

(Count I). However, because fraud on the court cannot be an independent cause of action for

monetary damages, the Court finds his first claim to be wholly insubstantial. *See Forrest Hill

Cmty. Ass'n, Inc. v. Pub. Servs. Elec. & Gas Co.*, No. 19-cv-16692, 2022 WL 3586392, at *14

(D.N.J. Aug. 21, 2022) (incorporating by reference *In re Reinhart*, No. 14-cv-02204, 2015 WL

1206714, at *9 (Bankr. W.D. Pa. Mar 12, 2015)). Plaintiff then asserts two causes of action

premised on Defendants' negligence (Counts II & III). But it is well settled that Defendants Sklar

Law, Fay, and Morris, as opposing counsel, do not owe a duty to non-clients, let alone opposing

parties, and thus an essential element of negligence relies on a frivolous premise. *See Burns v.

Stratos*, 581 F. Supp. 3d 687, 695 (E.D. Pa. 2022) ("'[I]t is well settled that an attorney's only

duty is to his or her own client,' so an attorney owes no fiduciary duty to the opposing party.")

(citing *Dowd v. Walsh*, No. 98-cv-5743, 1999 WL 619338, at *2 (E.D. Pa. Aug. 16, 1999));

*Smith v. Griffiths*, 476 A.2d 22, 26 (Pa. Super. 1984) ("The general rule is that an attorney will

be held liable for negligence only to his client."). Accordingly, Plaintiff's request for injunctive

relief (Count IV), which is premised on showing that he is likely to succeed on the merits of Counts I through III is also wholly insubstantial. This is not a question of whether Plaintiff will have difficulty showing the elements of his claim – rather, precedent establishes that Plaintiff's claims are rooted in implausible legal theories and dismissal pursuant to Fed. R. Civ. P. 12(b)(1) is therefore appropriate.[2] *Cf. Kulick*, 816 F.2d at 899.

### b.   Plaintiff failed to state a claim for fraud on the court (Count I)

Assuming, *arguendo*, that the Court has jurisdiction over all or some of Plaintiff's claims, dismissal is still appropriate pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff seeks damages for his fraud on the court claim. ECF No. 1 ¶ 49. However, fraud on the court is an equitable claim brought as a basis to vacate an order or judgment because a party has intentionally deceived the court. *See Herring v. United States*, 424 F.3d 384, 386–87 (3d Cir. 2005). Indeed, this Court has located no case in the Third Circuit which has accepted fraud on the court as an independent cause of action for monetary damages. *See also Forrest Hill Cmty. Ass'n, Inc.*, 2022 WL 3586392, at *14 (incorporating by reference *In re Reinhart*, 2015 WL 1206714, at *9).

Setting aside the relief sought, a claim for fraud on the court requires: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court. *Id.* at 386–87; *HSBC Bank USA, Nat. Ass'n v. Mid Cnty. Res.*, No. 3055-cv-2010, 2014 WL 10589052, at *3 (Pa. Com. Pl. Jan. 22, 2014). A determination of fraud on the court "may be justified only be the most egregious misconduct directed to the court itself." *Herring*, 424 F.3d at 387. Actions for fraud upon the court are so rare that the Third Circuit and Pennsylvania courts seldom articulate the fraudulent conduct required. *See HSBC Bank USA, Nat. Ass'n*, 2014 WL 10589052, at *3. However, for conduct to rise to the level of fraud on the

---

[2] Defendants assert that dismissal is also appropriate pursuant to the *Rooker-Feldman* Doctrine. The Court does not take a position on the application of *Rooker-Feldman* Doctrine here, where subject matter jurisdiction is otherwise lacking.

court it must be akin to the bribery of a judge or jury or the fabrication of evidence. *Herring*, 424 F.3d at 390. Conversely, perjury by a witness is "not enough to constitute fraud upon the court." *Id.* Plaintiff asserts that attorneys from Sklar Law: (i) objected to questions throughout the deposition of Sklar Law's client; (ii) were not forthcoming in discovery; and (iii) submitted a summary judgment motion in "bad faith." ECF No. 1 ¶¶ 11–47. Accepting these allegations as true, as is required at this stage, the facts pled cannot be characterized as anything other than moderately contentious discovery disputes and motions practice. The requirements of a fraud on the court claim are "not just a high hurdle to climb but a steep cliff-face to scale." *Herring*, 424 F.3d at 386. Plaintiff's factual allegations fall short of this high bar and, accordingly, his fraud on the court claim must be dismissed.

### c. Plaintiff failed to state a claim for professional negligence (Count II)

To succeed on a professional negligence claim against an attorney, the plaintiff must prove the following elements: "(1) employment of the attorney or other basis for a duty; (2) failure of the attorney to exercise ordinary skill and knowledge; and (3) that such negligence was the proximate cause of the harm to the plaintiff." *Kituskie v. Crobman*, 552 Pa. 275, 281 (1998) (citing *Rizzo v. Haines*, 520 Pa. 484, 499 (1989)).

As to the first element, it is well-settled that an attorney's only duty is to their own client; there is no duty to the opposing party. *See Burns*, 581 F. Supp. 3d at 695; *Smith*, 476 A.2d at 26 (Absent special circumstances, the "general rule is that an attorney will be held liable for negligence only to his client" and "will not be held liable to anyone else."); *see also Sachs v. Levy*, 216 F.Supp. 44 (E.D. Pa. 1963) (granting defendant's motion for judgment on the pleadings and holding that an attorney's negligence towards someone other than his client was not actionable); *Aetna Electroplating Co., Inc. v. Jenkins*, 484 A.2d 134 (Pa. Super. 1984) (affirming dismissal where plaintiff alleged that attorney's actions in representing his client prevented non-client plaintiff from effectively collecting a debt because the attorney was not

liable for harm caused to a third person such as plaintiff). Plaintiff's professional negligence claim is easily dismissed because he has not alleged any factual basis from which the Court can infer a duty that Defendants Sklar Law, Fay, and Morris, as opposing counsel in the state court matter, owed to Plaintiff. Dismissal of Plaintiff's professional negligence claim is therefore appropriate.

### d.  Plaintiff failed to state a claim for negligent retention and supervision (Count III)

Dismissal of Plaintiff's negligent supervision and retention claim is appropriate for similar reasons. As Plaintiff correctly notes, negligent supervision "requires the four elements of common law negligence, *i.e.*, duty, breach, causation, and damages." ECF No. 12 at 24 (citing *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 488 (3d Cir. 2013)). Negligent supervision is "specifically predicated on two duties of an employer: the duty to reasonably monitor and control the activities of an employee, and the duty to abstain from hiring an employee and placing that employee in a situation where the employee will harm a third party." *Belmont*, 708 F.3d at 488. However, the "*sine qua non* of a negligence action is a duty of care owed by defendant to plaintiff." *Gigli v. Palisades Collection, LLC*, No. 06-cv-1428, 2008 WL 3853295, at *16 (M.D. Pa. Aug. 14, 2008) (citing *Althaus ex rel. Althaus v. Cohen*, 562 Pa. 547, 756 A.2d 1166, 1168 (Pa.2000)). Whether a duty exists is predicated on "the relationship existing between the parties at the relevant time" and a claim of negligent supervision "does not create a duty in favor of a particular party where one does not otherwise exist." *See id.* (internal citations omitted). Again, because Plaintiff has not alleged any privity between himself and Defendant Sklar Law, it does not follow that Defendant Sklar Law owed Plaintiff any duty to exercise care in the retention or

supervision of its employees.[3] Plaintiff's negligent retention and supervision claims will therefore also be dismissed.[4]

### e.   A pre-filing injunction is presently inappropriate

The Court must first determine whether exigent circumstances exist such that a pre-filing injunction is appropriate due to Plaintiff's continuous abuse of the judicial process by filing meritless and repetitive actions. *Brow*, 994 F.2d at 1038. This Court has witnessed Plaintiff's enthusiasm for litigation and observes that it often involves meritless claims which burden judicial resources. *Hatchigian v. Chase Bank, et al.*, 21-cv-3416; *Hatchigian v. Peco/Exelon Energy Co., et al.*, 22-cv-2170; *Hatchigian v. Powertrain Products Inc.*, 21-cv-5601; *Hatchigian v. Matthews Paoli Ford*, 21-cv-4643; *Hatchigian v. Carrier Corp.*, 21-cv-2562; *Hatchigian v. German Gallagher & Murtagh*, 20-cv-6204; *Hatchigian v. Carrier Corp.*, 20-cv-4110; *Hatchigian v. AAA Mid-Atlantic Member Relations*, 19-cv-04740; *Hatchigian v. Kaplan Stewart Meloff Reither & Stein PC*, 17-cv-3156; *Hatchigian v. Kaplan Stewart Meloff Reiter & Stein*, 16-cv-2987; *Hatchigian v. State Farm Ins.* 07-cv-3217. The Court also recognizes that Plaintiff has filed repetitive litigation against Defendants in state court. However, *pro se* plaintiffs are afforded great leniency in the interest of access to the courts and due process. *Id.* (the requirements for issuing a pre-filing injunction are necessary to ensure the *pro se* litigant's rights to due process and access to the courts); *see also Est. of Valentine-Shabazz v. Buccini*, No. 22-cv-3343, 2022 WL 4291334, at *3 (E.D. Pa. Sept. 16, 2022) ("While *pro se* litigants are not

---

[3] Even if Plaintiff could show that this duty was owed to him, Plaintiff does not point to any particularized facts that can be construed to infer a breach of duty on Sklar Law's part. *See* ECF No. 12 ¶¶ 56–69. Plaintiff summarily asserts that Sklar Law failed to train, supervise, and exercise ordinary care in the training and supervision of its employees, Defendants Fay and Morris. *Id.* Plaintiff relies only on conclusory statements which are not enough to defeat a motion to dismiss. *Twombly*, 550 U.S. at 555.

[4] Because Counts I through III have been dismissed, Plaintiff's request for injunctive relief (Count IV), which is premised on showing that he is likely to succeed on the merits of Counts I through III must also be dismissed.

entitled to special treatment, the use of a pre-filing injunction against a *pro se* litigant must be approached with caution.") (internal citations omitted).

In some instances, the sheer volume of wholly frivolous lawsuits filed by a *pro se* litigant may form the basis of exigent circumstances. *See In re Oliver*, 682 F.2d 443, 446 (3d Cir. 1982) (pre-filing injunction appropriate for plaintiff who filed fifty-one lawsuits, all of which were without sufficient merit to warrant a hearing). More commonly, successive federal litigation involving repetitive or frivolous claims against the same parties or related to the same subject matter may support a pre-filing injunction. *See Rumanek v. Fallon*, No. 22-cv-2020, 2022 WL 16707070, at *2 (3d Cir. Nov. 4, 2022) (exigent circumstances requirement met for Plaintiff who filed fourteen amended complaints against the same defendants, several of which were filed after the district court admonished such repetitive filings and closed the case); *Hill v. Lycoming Cnty. Gov't*, No. 21-cv-2214, 2022 WL 767036, at *2 (3d Cir. Mar. 14, 2022) (affirming injunctive relief for Plaintiff who filed dozens of actions and numerous appeals over several decades, five of which raised similar allegations related to the same purported fraud); *Kornafel v. Pa. Ct. of Common Pleas*, No. 22-cv-3684, 2022 WL 5221356, at *4 (E.D. Pa. Oct. 5, 2022) (injunctive relief appropriate as to Plaintiff who filed three federal lawsuits challenging the resolution of a landlord-tenant case in state court, despite repeated warnings and injunctions from the district court); *Walthour v. Herron*, No. 22-cv-2333, 2022 WL 4542097, at *2 (E.D. Pa. Sept. 28, 2022) (injunctive relief appropriate for Plaintiff who filed eight similar federal actions against some or all of the same defendants); *Weber v. Henderson*, 275 F.Supp.2d 616, 623 (E.D. Pa. 2003) (exigent circumstances requirement met for Plaintiff who filed at least fifteen lawsuits in nine years involving claims related to the same injury). The Court examines Plaintiff's litigious nature light of the leniency afforded to *pro se* litigants. This case is the first federal lawsuit brought by Plaintiff against Defendants involving the present factual allegations. Though the Court is

13

cognizant of Plaintiff's pattern of litigious behavior,[5] it does not follow that Plaintiff has misused the judicial system against the Defendants in this case and before this Court. Accordingly, the threshold requirement has not been met, and the Court will therefore deny Defendants' Motion for Injunctive Relief.[6]

## V.    Conclusion

For the reasons stated above, Defendant's Motion to Dismiss and Motion for Injunctive Relief (ECF No. 7) will be **GRANTED** in part and **DENIED** in part.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**

---

[5] There is a recognizable pattern to Plaintiff's lawsuits. It appears from this case and others that Plaintiff is a tradesman with significant mechanical skills. When a product malfunctions, Plaintiff self-installs new parts in an attempt to fix the product. However, if doing so does not fix the relevant issue, Plaintiff will sue any individual or entity involved in the transaction involving the part and pursue remedies that are not covered by the parts' warranty. In one case, for example, Plaintiff installed various parts into his work van, and when the van did not operate to his satisfaction he pursued litigation against the manufacturer of the part, the manufacturer of the van, the retailer of the part, the mechanics who he then engaged to reinstall the parts he installed, and the credit card company. *Hatchigian v. Chase Bank, et al.*, 21-cv-3416. Plaintiff has also shown a pattern of suing attorneys involved in defending against his claims. *Hatchigian v. German Gallagher & Murtagh*, 20-cv-6204; *Hatchigian v. Kaplan Stewart Meloff Reiter & Stein*, 16-cv-2987. Despite this pattern of litigation, Plaintiff generally does not bring repetitive lawsuits or claims against the same defendants based on the same factual allegations with, perhaps, the exception of lawsuits directed at Plaintiff's credit card company, Chase. In sum, Plaintiff is a prolific filer who's *pro se* status frequently leads to cases replete with procedural and legal shortcomings. However, the policy of this district is to treat every filing of a *pro se* litigant with respect and proper analysis under the law and, moreover, to provide access to the courts. Accordingly, though the Court recognizes Plaintiff's general litigation strategy may be burdensome on defendants and the Court alike, the Court declines to penalize Plaintiff on the facts of this case by imposing a pre-filing injunction.

[6] Although exigent circumstances do not presently exist, the Court notes that the Third Circuit has considered the possibility that a motion may adequately put the opposing party on notice such that the second requirement of a pre-filing injunction is satisfied. *See Chavannes v. Chavannes*, 732 Fed. Appx. 142, 146 (3d Cir. 2018) (collecting cases). The Court also notes that Defendants' proposed injunction would be sufficiently narrow to fit the circumstances of this case if the injunction was otherwise proper. *Cf. Brow*, 994 F.2d at 1039 (injunctive order was too broad when it prohibited a party from filing *any* documents in the district court, including an answer, motion to dismiss, notice of appearance or exhibits in a case in which he is a named defendant regardless of whether he was represented by counsel or appearing *pro se*).